http://www.va.gov/vetapp16/Files3/1621760.txt

Citation Nr: 1621760 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 06-27 637 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri

THE ISSUE

Entitlement to service connection for a cervical spine disorder. 

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

G. Jivens-McRae, Counsel

INTRODUCTION

The Veteran had active duty service from November 1965 to August 1969. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA). The Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge (VLJ) in September 2007. A transcript of that hearing is of record and associated with the claims folder. 

The Board denied service connection for a right knee disorder, cervical spine disorder, and left leg meralgia paresthesia in March 2013. The Veteran appealed the Board's March 2013 decision pertaining to the right knee and cervical spine disorders to the United States Court of Appeals for Veterans Claims (Court). In an October 2013 Order, the Court granted the parties' Joint Motion for Partial Remand, vacated the Board's denial of service connection for a right knee disorder and cervical spine disorder, and remanded the matter to the Board for further adjudication. The issue of service connection for left leg meralgia paresthesia was not appealed to the Court, and it is now final and no longer before the Board. 

The Board remanded the claims in April 2014 for further development. 

By rating decision of September 2014, service connection for status post total knee replacement, claimed as a right knee disorder, was granted, with a 10 percent rating, effective May 2005. As such, the right knee disorder claim, having been granted, is no longer before the Board. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required on his part. 

REMAND

Further development is necessary in this case. 

The Veteran has asserted that a cervical spine disorder is warranted based upon service incurrence. He maintains that he sustained this injury during a car accident in service. 

In an October 2013 Court Order, the Court granted the parties' Joint Motion for Partial Remand, and vacated the Board's denial of service connection for a cervical spine disorder, and remanded the matter to the Board for further adjudication. Specifically, in addition to arranging a new VA examination with opinion, the Board, in its April 2014 remand, requested the AOJ obtain Dr. D.W.E.'s treatment records and associate them with the claims folder. In August 2015, the Veteran submitted a General Release for Medical Provider Information and indicated that Dr. D.W.E. had the right to destroy his records after 10 years and that time had expired. He did not state that the records had, in fact, been destroyed. He also did not provide the AOJ with Dr. D.W.E.'s address so that VA could attempt to contact the physician to see if the records are still available. He should provide VA with an appropriate signed Release of Information, which includes the doctor's address, in an effort to obtain the records if they have not been destroyed. 

Additionally, the Veteran underwent additional VA examination performed on a contract basis in September 2015. The examiner did not provide a medical opinion, which was requested as part of the examination process. Moreover, the examiner stated that the Veteran's diagnosis was degenerative arthritis of the spine. However, no x-ray findings were made in connection with the examination as the examiner noted that x-rays were not clinically indicated. The examiner did not reference prior x-rays or treatment records of provide a basis for the diagnosis of degenerative arthritis. 

An addendum was submitted to the September 2015 VA contract examination the same month. This addendum was written by a different medical provider. The examiner was asked to provide an opinion with supporting rationale , as to whether it is at least as likely as not (50 percent or greater probability) that the Veteran's cervical spine disorder was caused or was aggravated as a result of his active service or is otherwise related thereto. The examiner indicated that medical opinion is properly negative for any direct cause or aggravation. This opinion did not address the finding using the standard set and put forth from the AOJ. Further, he stated that Dr. D.W.E.'s 2004 note in a treatment role was noted "consistent" but in terms of this examiner for comp and pen purposes...the 20 year gap is felt, today, to be too large for a positive nexus. This statement, again, does not address the standard (at least as likely as not) set forth and requested by the VA examiner to address when providing an opinion in this claim. In rendering this rationale, the examiner has impermissibly elevated the VA standard in determining the outcome to this case. The correct standard in this case is not whether there is a positive nexus, but whether the evidence for and against the claim is more or less equally balanced (i.e., "at least as likely as not") or favors a positive nexus. This medical opinion is ambiguous, and, thus, does not contain sufficient detail, and is found to be inadequate. 

Accordingly, the case is REMANDED for the following action:

1. After obtaining an appropriately signed release of information from the Veteran, the AOJ should seek to obtain all medical records regarding the treatment of the Veteran's cervical spine from Dr. D.W.E. and associate those records with the claims folder. The Veteran should provide the AOJ Dr. D.W.E.'s address and if the records are not able to be obtained, or if any other search is futile, the Veteran's VBMS record should be so documented. 
 
2. Thereafter, the AOJ should arrange for the Veteran to be scheduled for another VA examination to determine the nature and etiology of any currently diagnosed cervical spine disorder. All indicated studies should be performed. After examination and review of the VBMS claims folder, the examiner should provide an opinion, with supporting rationale, as to whether it is at least as likely as not (probability of 50 percent or greater) that the Veteran's cervical spine disorder was caused in or was aggravated as a result of his active service or is otherwise related thereto. 

The claims file must be made available to the examiner for review of pertinent documents therein and the examiner should indicate in his/her report whether or not the claims file was reviewed. Supporting rationale must be provided with all requested opinions. If the examiner cannot provide an opinion without resorting to mere speculation, such should be so stated along with supporting rationale. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to the particular question. 

The examiner should address in the report any medical records provided by Dr. D.W.E. and his June 2004 medical statement indicating that treatment he provided the Veteran since 1987 was consistent with being caused by a car accident in 1966. The examiner should also address the Veteran's September 2007 Travel Board hearing testimony, indicating neck pain continually since service injury; June 1969 service treatment records Report of Medical History which indicated complaints of whiplash injury to the neck; and a January 2007 statement from an airman buddy who served with the Veteran and was aware of the Veteran's motor vehicle accident and was also stationed with him after the accident at another base. 
 
3. When the development requested has been completed, the case should again be reviewed by the AOJ on the basis of the additional evidence. If the benefit sought on appeal is not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case, and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).